No. 28,826.

HARRY LANDES, *Appellee*, v. NELLE LANDES and L. R. WALLACE, *Appellants*.

(278 Pac. 744.)

Opinion filed July 6, 1929.

*G. H. Lamb* and *W. E. Hogueland*, both of Yates Center, for the appellants. *Carl Van Riper*, of Dodge City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one for the partition of real property and was brought by the plaintiff against Nelle Landes, the widow of C. H. Landes, and against L. R. Wallace, the partner of C. H. Landes and a one-half owner of the real property. The petition alleged that the plaintiff as a child and as an heir of C. H. Landes owned a one-tenth interest in an undivided one-half interest in the real property in controversy. Nelle Landes and L. R. Wallace answered separately. Each alleged that C. H. Landes, on April 14, 1927, deeded all his interest in the property to L. R. Wallace in trust, "the proceeds and income of the same to be paid to C. H. Landes during his lifetime or to Nelle Landes, his widow, and to Nelle Landes, this defendant, in case of his death. That the terms of said trust were embodied in a written instrument executed by the said C. H. Landes in his lifetime," to which Nelle Landes, the wife of C. H. Landes, in writing consented.

The trust agreement dated April 14, 1927, contained the following provisions:

"That whereas, L. R. Wallace and C. H. Landes are partners doing a general real-estate, loan and insurance business in Yates Center, Kansas; and

"Whereas, They are the joint owners of a number of tracts of land and other property which now stands in the name of each individual jointly, and

"Whereas, The said C. H. Landes is desirous of transferring his interest to L. R. Wallace in trust, and that the title may be transferred easily in case of sale, has this day transferred to said L. R. Wallace, an undivided one-half interest in the following property. . . .

"It being agreed and understood that same shall be handled by said L. R. Wallace as partnership property and disposed of, rented and cared for the same as heretofore, by said parties, and to be sold and transferred on the consent of either the said C. H. Landes or on the consent of his wife, Nelle Landes, without the consent of C. H. Landes, and one-half of the proceeds of said property or the rents or income therefrom, shall be paid to the said C. H. Landes or Nelle Landes, and upon carrying out this agreement or the closing up of the said partnership and the return to said C. H. Landes or to Nelle Landes of the proceeds of said partnership and ownership of said land being a one-half interest, the said L. R. Wallace shall be fully discharged from any obligation from having taken the deeds above mentioned, it being the intention of both parties hereto that the said deeds to the property above mentioned are only made for convenience to handle the title thereto, and the interest of the parties therein or the proceeds thereof shall be and remain a one-half interest by the said C. H. Landes that said interest may be transferred or paid to his wife, Nelle Landes, if not paid to him."

The trust agreement was signed by C. H. Landes, Nelle Landes, and L. R. Wallace, and was acknowledged by them on April 14, 1927.

The plaintiff demurred to each of the answers. Those demurrers were sustained. From the orders sustaining them the defendants appeal.

The determination of the controversy depends on the interpretation of the trust agreement. Each answer alleged that the deed was made in trust and that the contract provided that the interest of C. H. Landes in the property should be held by L. R. Wallace in trust for C. H. Landes or Nelle Landes; that the rents or income arising from the property should be paid to C. H. Landes or Nelle Landes; that in case of sale of the land the proceeds arising therefrom should be paid to C. H. Landes or Nelle Landes; and that if such rents, income or proceeds were not paid to C. H. Landes they should be paid to Nelle Landes. No beneficial interest was given to L. R. Wallace.

The answers disclose that Landes died with the title to the land in L. R. Wallace in trust and with the trust agreement valid and existing.

A trust was created. For whose benefit? For the benefit of either C. H. Landes or Nelle Landes. The trust was not discharged by the death of C. H. Landes. Nelle Landes was a beneficiary un-

der the trust. She was not divested of that interest by the death of C. H. Landes. It would be contrary to the deed and to the trust agreement to hold that on the death of C. H. Landes the land became subject to partition at the suit of one of the children of C. H. Landes.

The judgment is reversed. The trial court is directed to overrule the demurrers and proceed with the cause in accordance with this opinion.